UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARREN FINDLING, *Personal Representative* *estate of* Curtis L. Collyer deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:19-cv-00014-TLS-SLC ) |
| API CONSTRUCTION CORP. INC., | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a complaint filed by Plaintiff Darren Findling, personal representative of the estate of decedent Curtis L. Collyer, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). In the complaint, Plaintiff alleges: "At the time of his passing, decedent, Curtis Collyer, resided in the City of Coldwater, County of Branch, State of Michigan. Consequently, Mr. Collyer was a citizen of Michigan." (DE 1 ¶ 3).

Plaintiff's jurisdictional allegations are inadequate with respect to decedent Plaintiff Collyer. Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, Plaintiff must advise the Court of the domicile of decedent Plaintiff Collyer at the

time of his death, which demonstrates citizenship.[1]  Plaintiff is AFFORDED to and including January 29, 2019, to file a supplemental jurisdictional statement that properly alleges the citizenship of the parties.

SO ORDERED.

Enter for this 15th day of January 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (noting that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent); *see also Hunter v. Amin*, 583 F.3d 486, 491-92 (7th Cir. 2009).